United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GREGORY G., MICHELLE G., CHAD B. and JILL B., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-14-2768 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § § § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a motion to unseal and objection to filing under seal without leave of court filed by defendant Houston Independent School District ("HISD"). Dkt. 16. Having considered the motion, the applicable law, and having received no responses, the court is of the opinion that HISD's motion to unseal should be GRANTED.

### I. BACKGROUND

On September 28, 2014, plaintiff-relators Gregory G., *et al.* ("Relators") filed their original qui tam complaint (Dkt. 1) under seal pursuant to 31 U.S.C. § 3730(b)(2)(2012). Dkt. 1. The False Claims Act ("FCA") provides that a private citizen may file suit in the name of the person and the United States ("the Government"). *Id.* § 3730(b)(1). When doing so, the FCA states that "[t]he complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id*. § 3730(b)(2). On July 14, 2015, the Government filed, under seal, a notice of election declining to intervene in this action. Dkt. 5. Accordingly, on September 22, 2015, the court signed an order unsealing the qui tam complaint (Dkt. 1) and the Government's notice of

election declining intervention (Dkt. 5). Dkt. 7. The court further ordered that "the seal be lifted as to all other matters occurring in this action after the date of this Order." *Id*. On November 10, 2015, HISD filed a motion to dismiss Relators' complaint. Dkt. 9. In response, Relators filed their first amended complaint under seal on December 1, 2015. Dkt. 12. On that same day, Relators and HISD filed a joint motion to withdraw HISD's motion to dismiss in light of the filing of the first amended complaint. Dkt. 14. HISD has not been served with, and has not seen, Relators' first amended complaint as it currently remains under seal.

## II. LAW & ANALYSIS

HISD now requests that the first amended complaint (Dkt. 12) be unsealed given that (i) the court ordered that all documents filed after the September 22 order be unsealed; (ii) the provision of the FCA requiring that the complaint be filed under seal applies only to the complaint, and does not apply to amended complaints; (iii) the Government has had nine months to investigate the claims contained in the original complaint and has elected not to intervene; and (iv) Relators did not seek permission from the court to file the amended complaint under seal. Dkt. 16 at 3.

Relators point out that the purpose of the requirement that a complaint be filed *in camera* is to allow the government an opportunity to "evaluate the relator's information for possible intervention in the qui tam action or in relation to an overlapping criminal investigation." Dkt. 16 at 3-4 (quoting *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995)). As HISD points out, district courts have held that the purposes of the sealing requirement are not served by filing an amended complaint under seal, when the allegations contained in the amended complaint are substantially similar to the original complaint, as the Government will have already "'had a full opportunity to investigate those allegations and decide whether it should intervene.'" *Id*. at 4 (quoting *United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 263 (D. Mass.

2

2015)); *see also United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011) ("On the other hand, if the amended complaint does not include new claims or substantially different allegations of fraud, the purpose of the sealing requirement loses force because the government does not need another opportunity to decide whether to intervene.").

HISD certifies that both the Government and Relators have been served with a copy of this motion. Dkt. 16 at 8. Additionally, Relators certified that the Government has been served with a copy of their amended complaint. Dkt. 12 at 9. The deadline to respond to HISD's motion expired on January 1, 2016. The court has not received any responses to HISD's motion. The court will therefore assume that neither the Government nor Relators oppose HISD's motion to unseal.[1] Accordingly, the court has no reason to believe that the amended complaint contains allegations that are substantially different than those contained in the original complaint, so as to justify being filed under seal. *See United States ex rel. Brooks v. Stevens-Henager Coll., Inc.,* No. 1:13-CV-00009-BLW, 2014 WL 3101817, at *3 (D. Idaho July 7, 2014) (unpublished order) ("[S]ome of the new allegations in the second amended complaint contain substantial and different allegations of fraud. The Court will therefore allow the relators to file the unredacted version of the second amended complaint under seal and in camera for a 60–day period."). Accordingly, HISD's motion to unseal the first amended complaint is GRANTED.

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

### III. CONCLUSION

Because the court's September 22, 2015 order states that "the seal [shall] be lifted as to all other matters occurring in this action after the date of this Order" (Dkt. 7), and because no party has objected to HISD's motion to unseal, it is ORDERED that the amended complaint (Dkt. 12) be unsealed and served upon HISD by Relators.

Signed at Houston, Texas on January 5, 2016.

_____
Gray H. Miller
United States District Judge